Attorney Grievance Commission of Maryland v. Sandra Lynn Reno, Misc. Docket AG No. 5, September Term, 2013

**ATTORNEY DISCIPLINE – MARYLAND LAWYERS' RULE OF PROFESSIONAL CONDUCT 8.4 –** Court of Appeals denied Attorney Grievance Commission's request to dismiss attorney discipline proceeding and held that lawyer violated Maryland Lawyers' Rule of Professional Conduct ("MLRPC") 8.4 (d) (Conduct Prejudicial to the Administration of Justice) and 8.4(a) (Violating MLRPC) by giving handgun to person who could not legally possess regulated firearm. Court gave parties opportunity to file recommendations as to appropriate sanction.

Circuit Court for Cecil County
Case No. 07-C-13-000559

Argued: December 10, 2013

IN THE COURT OF APPEALS

OF MARYLAND

Misc. Docket AG No. 5

September Term, 2013
_____

ATTORNEY GRIEVANCE COMMISSION
OF MARYLAND

v.

SANDRA LYNN RENO
_____

Barbera, C.J.,
Harrell
Battaglia
Greene
Adkins
McDonald
Watts,

JJ.
_____

Opinion by Watts, J.
_____

Filed: January 24, 2014

This attorney discipline proceeding concerns a Maryland lawyer who purchased and gave a handgun to a person who could not legally possess a regulated firearm.

The State charged Sandra Lynn Reno ("Reno"), Respondent, a member of the Bar of Maryland, with violating the statute that is currently codified as Md. Code Ann., Pub. Safety (2003, 2011 Repl. Vol., 2013 Supp.) ("PS") § 5-144.[1] Reno pled not guilty pursuant to an agreed statement of facts, which stated that Reno had given a handgun to Cortney Stevens ("Stevens"), who could not legally possess a regulated firearm. Reno was found guilty, received probation before judgment, and reported herself to the Attorney Grievance Commission ("the Commission"), Petitioner.

On March 19, 2013, in this Court, the Commission, through Bar Counsel, filed a "Petition for Disciplinary or Remedial Action" against Reno, charging her with violating Maryland Lawyers' Rule of Professional Conduct ("MLRPC") 8.4 (Misconduct). On March 22, 2013, we referred the attorney discipline proceeding to the Honorable Jane Cairns Murray ("the hearing judge") of the Circuit Court for Cecil County. On September 4, 2013, the hearing judge conducted a hearing. On October 25, 2013, the hearing judge filed in this Court an opinion including findings of fact, and conclusions of law indicating that Reno did not violate MLRPC 8.4(b) (Criminal Act), 8.4(c) (Dishonesty, Fraud, Deceit, or Misrepresentation), 8.4(d) (Conduct Prejudicial to the Administration of Justice), or 8.4(a) (Violating MLRPC).

---

[1]The State charged Reno with violating the statute that, at the time, was codified as Md. Code Ann., Pub. Safety (2003, 2011 Repl. Vol.) § 5-143. To avoid confusion, we refer to the current version of the statute.

On November 8, 2013, in this Court, the Commission filed a "Notice of Dismissal," requesting that this Court dismiss the attorney discipline proceeding. On December 10, 2013, we heard oral argument. For the below reasons, we: decline to dismiss the attorney discipline proceeding; conclude that Reno violated MLRPC 8.4(d) and 8.4(a); and give the parties an opportunity to recommend sanctions.[2]

## BACKGROUND

### Hearing Judge's Findings of Fact

In her opinion, the hearing judge found the following facts, which we summarize.

On December 19, 1991, this Court admitted Reno to the Bar of Maryland. In 2002, Reno began practicing criminal law at the Law Offices of Jim Baldwin.

On or about February 18, 2004, Cortney Stevens was convicted of possession of a controlled dangerous substance other than marijuana. In 2005, Reno met Stevens and later served as his lawyer. In 2008, while represented by someone other than Reno, Stevens was convicted of making a false prescription. Sometime before 2010, Stevens informed Reno "that he had a prior drug charge for which he received probation before judgment." "Stevens also informed [Reno] of a prescription forgery charge."

On or about September 14, 2010, Stevens visited Chesapeake Guns, a firearms store in Stevensville. At Chesapeake Guns, Stevens completed an application to buy a

---

[2]Generally, this Court grants a request by the Commission to dismiss an attorney discipline proceeding. See generally Attorney Grievance Comm'n v. Dore, 433 Md. 685, 707, 73 A.3d 161, 174 (2013). Nonetheless, this Court has the discretion to deny such a request. See generally Attorney Grievance Comm'n v. Mahone, 435 Md. 84, 102, 76 A.3d 1198, 1209 (2013) ("This Court[ has] original and complete jurisdiction over attorney disciplinary proceedings[.]" (Citations omitted)).

.45 caliber 1911 handgun. In a letter dated September 22, 2010, the Firearms Registration Section of the Maryland State Police informed Stevens that his application had been disapproved. The letter did not include the reasons for Stevens's application's disapproval. Reno learned of the letter and testified that she thought that the reason for Stevens's application's disapproval was "a minor issue such as a failure [by] Stevens to have paid a fine."

On November 6, 2010, Reno visited On Target, a firearms store in Severn. At On Target, Reno obtained a .45 caliber 1911 handgun ("the handgun"). Reno immediately transported the handgun to Stevens's place of employment, where she gave the handgun to Stevens.

On November 16, 2010, at her home, Reno was visited by Corporal Marcus Jackson and Senior Trooper First Class Ryan List ("the troopers") of the Gun Enforcement Unit of the Maryland State Police. The troopers told Reno that they were conducting a handgun investigation. Reno "escorted the troopers to [] Stevens'[s home] and retrieved the" handgun, which the troopers confiscated.

Sometime between November 4, 2011, and November 16, 2011, Reno learned that the State had charged her with violating the statute that is currently codified at PS § 5-144. On February 28, 2012, in the Circuit Court for Anne Arundel County, Reno pled not guilty and joined the agreed statement of facts. The Circuit Court for Anne Arundel County granted Reno probation before judgment. Sometime before October 21, 2013, the records of Reno's criminal case were expunged.

**Testimony and Findings as to Reno's Knowledge**

At the hearing in this attorney discipline proceeding, as a witness for the Commission, Reno testified:

> [A]t the time that I asked [] Stevens to hold the gun for me, I was not aware that he was a prohibited person[, *i.e.*, a person who cannot legally possess a regulated firearm]. I took that plea anyway because I felt like **I should have known better**. The statute that I pled not guilty to and agreed statement of facts said that I knowingly participated in the receipt of a regulated firearm by a prohibited person. The truth is I did not know he was a prohibited person, but I felt that it was appropriate to accept responsibility because **I should have known**.

(Emphasis added).

In her opinion, the hearing judge stated: "The evidence . . . merely shows a set of circumstances that [Reno] **should have known** [that] Stevens was a prohibited person, but it was not established by clear and convincing evidence that [Reno] in fact knew [that Stevens] was a prohibited person." (Emphasis added).

**STANDARD OF REVIEW**

In an attorney discipline proceeding, this Court reviews for clear error a hearing judge's findings of fact, and reviews without deference the hearing judge's conclusions of law. See Md. R. 16-759(b)(2)(B) ("The Court shall give due regard to the opportunity of the hearing judge to assess the credibility of witnesses."); Attorney Grievance Comm'n v. Mahone, 435 Md. 84, 104, 76 A.3d 1198, 1210 (2013) ("[A] hearing court's findings of fact will not be overruled unless we determine that they are clearly erroneous." (Citation omitted)); Md. R. 16-759 (b)(1) ("The Court of Appeals shall review de novo the circuit court judge's conclusions of law.").

**DISCUSSION**

Neither party excepts to any of the hearing judge's findings of fact. We, therefore, "treat the findings of fact as established[.]" Md. R. 16-759(b)(2)(A).

Neither party excepts to any of the hearing judge's conclusions of law. "Ordinarily, we will not look for additional violations where [the Commission] file[s] no exceptions." Attorney Grievance Comm'n v. Dore, 433 Md. 685, 707, 73 A.3d 161, 174 (2013). Nonetheless, here, clear and convincing evidence persuades us to reverse the hearing judge's conclusion that Reno did not violate MLRPC 8.4(d), which states: "It is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice[.]" "In general, an attorney violates M[L]RPC 8.4(d) when his or her conduct impacts negatively the public's perception or efficacy of the courts or legal profession." Attorney Grievance Comm'n v. Rand, 411 Md. 83, 96, 981 A.2d 1234, 1242 (2009) (citation omitted).

Reno negatively impacted the public's perception of the legal profession through committing an illegal act. As the hearing judge found, it is undisputed that Reno gave the handgun (*i.e.*, a regulated firearm)[3] to Stevens, who had been convicted of disqualifying crimes.[4] We do not address the hearing judge's finding that Reno did not know that

---

[3]"'Regulated firearm' means[ ] a handgun[.]" PS § 5-101(r)(1).

[4]Specifically, Stevens was convicted of two disqualifying crimes: (1) possession of a controlled dangerous substance other than marijuana; and (2) making a false prescription. See PS § 5-101(g) ("'Disqualifying crime' means: (1) a crime of violence; (2) a violation classified as a felony in the State; or (3) a violation classified as a misdemeanor in the State that carries a statutory penalty of more than 2 years." (Paragraph breaks omitted)); Md. Code Ann., Crim. Law (2002, 2012 Repl. Vol.) ("CL") (Continued...)

Stevens had been convicted of a disqualifying crime; thus, we do not conclude that Reno violated PS § 5-144(a)(1), which states: "[A] . . . person may not[ ] **knowingly** participate in the illegal . . . transfer . . . of a regulated firearm in violation of this subtitle[.]" (Emphasis added).

That finding of fact–that Reno did not knowingly participate in transferring the handgun–does not preclude us from determining that Reno violated PS § 5-134(b)(2),[5] a regulatory provision, which states that: "A . . . person may not . . . transfer a regulated firearm to a . . . transferee who the . . . person knows or **has reasonable cause to believe** . . . has been convicted of a disqualifying crime[.]" (Emphasis added). Although the hearing judge did not address whether Reno had reasonable cause to believe that Stevens had been convicted of a disqualifying crime, we need not remand for the hearing judge to make additional findings of fact. As a conclusion of law–applying the facts found by the hearing judge to PS § 5-134(b)(2)'s legal standard of "reasonable cause"–we conclude that clear and convincing evidence demonstrates that Reno violated PS § 5-134(b)(2). For two reasons, the record clearly and convincingly establishes that Reno had reasonable cause to believe that Stevens had been convicted of a disqualifying crime.

§ 5-601(c)(1) (Possession of a controlled dangerous substance other than marijuana is a misdemeanor that is punishable by up to four years of incarceration.); CL §§ 5-606(a), 5-607(a) (Making a false prescription is a felony that is at least punishable by up to five years of incarceration.).

[5]It does not matter that Reno was not charged with violating PS § 5-134(b)(2). "[T]he absence of criminal prosecution does not necessarily mean [MLRPC 8.4(d)] has *not* been violated[.]" Attorney Grievance Comm'n v. Katz, 429 Md. 308, 320, 55 A.3d 909, 915 (2012) (second alteration and emphasis in original) (citation and internal quotation marks omitted).

First, in Reno's criminal case, based on the agreed statement of facts that Reno joined, the Circuit Court for Anne Arundel County found, beyond a reasonable doubt, that Reno had violated PS § 5-144(a)(1) by **knowingly** participating in the illegal transfer of a regulated firearm.[6] If the Circuit Court for Anne Arundel County found that Reno violated PS § 5-144(a)(1) by knowingly participating in the illegal transfer of a regulated firearm, then Reno necessarily had reasonable cause to believe that Stevens had been convicted of a disqualifying crime and violated PS § 5-134(b)(2) by transferring the handgun to him.

Second, independent of the findings of the Circuit Court for Anne Arundel County, Stevens's statements to Reno, credited in the hearing judge's findings of fact, provided reasonable cause to believe that Stevens had been convicted of a disqualifying crime. The hearing judge found that: (1) Stevens informed Reno "that he had a prior drug charge for which he received probation before judgment"; and (2) "Stevens also informed [Reno] of a prescription forgery charge." Even if Stevens did not tell Reno that he had been convicted of possession of a controlled dangerous substance other than marijuana and making a false prescription, it was incumbent upon Reno to ask Stevens whether one or both charges resulted in convictions **before** giving the handgun to Stevens. Indeed–as Reno explicitly conceded, and as the hearing judge explicitly found–

---

[6]The Circuit Court for Anne Arundel County could not have placed Reno on probation before judgment without first having "found [Reno] guilty[.]" Md. Code Ann., Crim. Proc. (2001, 2008 Repl. Vol., 2013 Supp.) § 6-220(b)(1). Indeed, at oral argument, Reno's counsel stated that the Circuit Court for Anne Arundel County found that Reno "knew or should have known."

Reno "**should have known**" that Stevens had been convicted of a disqualifying crime. (Emphasis added).[7] For the above reasons, we are satisfied that clear and convincing evidence establishes that Reno committed an illegal act in violation of PS § 5-134(b)(2).

It is abundantly clear that Reno violated MLRPC 8.4(d), which provides: "It is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice[.]" We have described "[a]n act prejudicial to the administration of justice [as] one that 'tends to bring the legal profession into disrepute.'" Attorney Grievance Comm'n v. Goodman, 426 Md. 115, 128, 43 A.2d 988, 995 (2012) (citation omitted). As the hearing judge found, Reno knew that: (1) Stevens had applied to buy a .45 caliber 1911 handgun; and (2) the Firearms Registration Section of the Maryland State Police disapproved Stevens's application. Nonetheless, Reno gave Stevens a handgun of the exact type for which he had applied. Even if (as the hearing judge found) Reno thought that the reason for Stevens's application's disapproval was "a minor issue such as a failure [by] Stevens to have paid a fine[,]" Reno nonetheless circumvented the law by giving the handgun to Stevens. As such, Reno, a criminal defense attorney, provided a gun to a person, a former client, whom she had reason to know was prohibited from possessing a firearm. Reno circumvented the law–and, indeed, violated the law–as to a prohibited person's possession of a firearm. Thus, Reno engaged in behavior

---

[7]We reject any notion that Reno lacked reasonable cause to believe that Stevens had been convicted of a disqualifying crime because Reno did not know whether possession of a controlled dangerous substance other than marijuana and/or making a false prescription were disqualifying crimes. Ignorance of the law is no excuse, especially for an experienced criminal defense lawyer.

prejudicial to the administration of justice as well as conduct "impact[ing] negatively the public's perception . . . of the . . . legal profession." Rand, 411 Md. at 96, 981 A.2d at 1242 (citations omitted).

We also conclude that Reno violated MLRPC 8.4(a), which states: "It is professional misconduct for a lawyer to . . . violate . . . the" MLRPC.

From the hearing judge's findings of fact, we ascertain no basis to conclude, however, that Reno violated MLRPC 8.4(b) (criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects) or 8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation). Although Reno committed an illegal act by violating PS § 5-134(b)(2), a violation of PS § 5-134(b)(2) alone does not appear to be a criminal act as Title 5 ("Firearms") of the Public Safety Article does not set a penalty for violation of PS § 5-134(b)(2).

Because the Commission moved to dismiss, neither party recommended a sanction for Reno's misconduct. Instead of determining an appropriate sanction on our own initiative, we give Reno and the Commission the opportunity to recommend a sanction for Reno's violation of MLRPC 8.4(d) and 8.4(a). The parties shall file recommendations within thirty days of the date on which this opinion is filed. "Within 15 days after service of . . . recommendations, the adverse party may file a response." Md. R. 16-758(c). After receiving recommendations and responses (if any), we will schedule oral argument regarding the appropriate sanction.

**IT IS SO ORDERED.**