Attorney Grievance Commission of Maryland v. Michael Francis Barnett, Misc. Docket AG No. 28, September Term, 2013

**ATTORNEY DISCIPLINE – SANCTIONS – DISBARMENT –** Court of Appeals disbarred lawyer who forged client's signature on affidavit of indigency, failed to notify client of hearing dates and otherwise communicate with client, and made material misrepresentations to Bar Counsel during its investigation regarding lawyer's representation of client. Such conduct violated Maryland Lawyers' Rules of Professional Conduct ("MLRPC") 1.1 (Competence), 1.2(a) (Allocation of Authority Between Client and Lawyer), 1.3 (Diligence), 1.4 (Communication), 3.3(a) (Candor Toward Tribunal), 8.4(b) (Criminal Act), 8.4(c) (Dishonesty, Fraud, Deceit, or Misrepresentation), 8.4(d) (Conduct That Is Prejudicial to the Administration of Justice), and 8.4(a) (Violating MLRPC).

Circuit Court for Prince George's County
Case No. CAE13-20328

Argued: October 3, 2014

IN THE COURT OF APPEALS

OF MARYLAND

Misc. Docket AG No. 28

September Term, 2013

_____

ATTORNEY GRIEVANCE COMMISSION
OF MARYLAND

v.

MICHAEL FRANCIS BARNETT

_____

Barbera, C.J.
Harrell
Battaglia
Greene
Adkins
McDonald
Watts,

JJ.

_____

Opinion by Watts, J.

_____

Filed:  October 22, 2014

This attorney discipline proceeding concerns a Maryland lawyer who forged his client's signature on an affidavit submitted to a circuit court, failed to communicate with his client and notify her of hearing dates, and made several misrepresentations of material fact to Bar Counsel during an investigation of his conduct.

Michael Francis Barnett ("Barnett"), Respondent, a member of the Bar of Maryland, represented Sheila Wooden ("Wooden") in a child custody dispute. On October 12, 2011, Wooden filed a complaint against Barnett with the Attorney Grievance Commission ("the Commission"), Petitioner.

On June 28, 2013, on the Commission's behalf, Bar Counsel filed in this Court a "Petition for Disciplinary or Remedial Action" against Barnett, charging him with violating Maryland Lawyers' Rules of Professional Conduct ("MLRPC") 1.1 (Competence), 1.2(a) (Allocation of Authority Between Client and Lawyer), 1.3 (Diligence), 1.4 (Communication), 3.3(a) (Candor Toward the Tribunal), 8.1(a) (Bar Admission and Disciplinary Matters), 8.4(b) (Criminal Act), 8.4(c) (Dishonesty, Fraud, Deceit, or Misrepresentation), 8.4(d) (Conduct That Is Prejudicial to the Administration of Justice), and 8.4(a) (Violating the MLRPC).

On July 5, 2013, this Court designated the Honorable Maureen M. Lamasney ("the hearing judge") of the Circuit Court for Prince George's County to hear this attorney discipline proceeding. On October 25, 2013, the hearing judge conducted a hearing, at which Barnett represented himself. On December 26, 2013, the hearing judge filed in this Court an opinion including findings of fact and conclusions of law, concluding that Barnett

had violated MLRPC 1.1, 1.2(a), 1.3, 1.4, 3.3(a), 8.4(b), 8.4(c), 8.4(d), and 8.4(a).[1]

On October 3, 2014, we heard oral argument. Bar Counsel was present but Barnett failed to appear. Immediately following oral argument, we disbarred Barnett in a *per curiam* order. See <u>Attorney Grievance Comm'n v. Barnett</u>, ___ Md. ___, ___ A.3d ___, Misc. Docket AG No. 28, Sept. Term, 2013, 2014 WL 4955397, at *1 (Md. Oct. 3, 2014). We now explain the reasons for Barnett's disbarment.[2]

## BACKGROUND

The hearing judge found the following facts, which we summarize.

On March 2, 2006, this Court admitted Barnett to the Bar of Maryland.

The facts relevant to the instant attorney discipline proceeding began on October 14, 2010, when Wooden, who was self-represented at the time, arrived late to a custody modification hearing before a Master. The Master prepared a Report and Recommendation in which he recommended that the Circuit Court for Prince George's County ("the circuit court") award custody of Wooden's minor child to the child's father. Upon her late arrival,

---

[1]The hearing judge did not determine whether Barnett violated MLRPC 8.1(a).

[2]In <u>Attorney Grievance Comm'n v. Davy</u>, 435 Md. 674, 683 n.1, 80 A.3d 322, 327 n.1 (2013), we stated:

> Where a lawyer's misconduct is so egregious that there is an urgent need to protect the public from the lawyer's practice of law, this Court may exercise its discretion to disbar the lawyer immediately after oral argument, and to explain the reasons in a subsequent opinion. *See generally Attorney Grievance Comm'n v. Coppock*, 432 Md. 629, 648, 69 A.3d 1092, 1102 (2013) ("[T]he . . . goal of attorney discipline proceedings is to protect the public." (Alteration in original) (citation and internal quotation marks omitted)).

Wooden was provided a "piece of paper" that stated she had ten days to submit "paperwork" to the circuit court to "change th[e] result."[3]

On October 22, 2010, Wooden retained Barnett, who was then associated with the law firm of Malik Shakur, as her lawyer in the child custody case.[4] Wooden paid Barnett $2,500 in cash. Wooden retained Barnett for the sole purpose of excepting to the Master's Report and Recommendation. After their initial meeting, Wooden followed up with Barnett to confirm that he had timely submitted the "form." Wooden had no further contact with Barnett until January 2011, when she telephoned him to confirm that the necessary papers had been filed.

On October 27, 2010, as part of his representation of Wooden, Barnett filed Exceptions to the Master's Report and Recommendation ("the Exceptions"), a Motion to Accept Electronic Recordings of the Proceedings as the Transcript ("the Motion to Accept Electronic Recordings"), and an Affidavit of Indigency. Barnett forged Wooden's signature on the Affidavit of Indigency. Barnett did so without Wooden's knowledge. At no point during his representation did Barnett discuss with Wooden the filing of an Affidavit of Indigency. At the hearing, Wooden testified that she would have been able and willing to pay any fees associated with her case.

---

[3]Maryland Rule 9-208(f) states: "Within ten days after recommendations [of a Master] are placed on the record or served pursuant to section (e) of this Rule, a party may file exceptions with the clerk."

[4]With respect to Barnett's professional association with the Law Office of Malik Shakur, the hearing judge found that Barnett "was associated with the law firm of Malik Shakur," and "would cover cases if Mr. Shakur had a scheduling conflict, and handle other cases as directed."

The circuit court scheduled a hearing on the Exceptions for March 3, 2011. Barnett failed to notify Wooden of the hearing date, which the circuit court postponed until April 22, 2011. Barnett again failed to notify Wooden of the hearing date. On April 22, 2011, Wooden failed to appear at the hearing, and Barnett withdrew the Exceptions without her knowledge.

In January or February 2011, Barnett and Shakur ended their professional relationship, but agreed that Barnett would continue to represent Wooden. Shakur believed that Barnett retained the Wooden file. Shakur notified Barnett via text message of the April 22, 2011, hearing date, after having received the hearing notice at his office. In addition to notifying Barnett of the hearing date, Shakur asked, "Do you have Shelia Wooden, right[?]" Barnett responded: "[O]kay."

On October 12, 2011, Wooden wrote a letter to the Commission, stating that she had not spoken with Barnett since January 2011. Bar Counsel, on the Commission's behalf, initiated an investigation during which Barnett made numerous intentional misrepresentations. Specifically, Barnett stated that he spoke with Wooden after January 2011 and notified her of both hearing dates. Barnett stated that he had not retained Wooden's client file after his professional relationship with Shakur ended, and that he regained possession of the file in October 2011, after Wooden filed a complaint. The hearing judge determined that Barnett's statements were inconsistent and not credible, and found that "it follows that [Barnett] knew he could not have contacted [] Wooden without [the file]."

## STANDARD OF REVIEW

In an attorney discipline proceeding, this Court reviews for clear error a hearing judge's findings of fact, and reviews without deference a hearing judge's conclusions of law. See Md. R. 16-759(b)(2)(B) ("The Court [of Appeals] shall give due regard to the opportunity of the hearing judge to assess the credibility of witnesses."); Attorney Grievance Comm'n v. Reno, 436 Md. 504, 508, 83 A.3d 781, 783 (2014) ("[T]his Court reviews for clear error a hearing judge's findings of fact[.]" (Citations omitted)); Md. R. 16-759(b)(1) ("The Court of Appeals shall review de novo the [hearing] judge's conclusions of law."). This Court determines whether clear and convincing evidence establishes that a lawyer violated the MLRPC. See Md. R. 16-757(b) ("The [Commission] has the burden of proving the averments of the petition [for disciplinary or remedial action] by clear and convincing evidence.").

## DISCUSSION

### (A) Findings of Fact and Conclusions of Law

Neither party excepts to the hearing judge's findings of fact; thus, we "treat the [hearing judge's] findings of fact as established[.]" Md. R. 16-759(b)(2)(A). Furthermore, neither party excepts to the hearing judge's conclusions of law.[5] For the below reasons,

---

[5]In a footnote in its Recommendation for Sanction, the Commission "informally takes exception" to the absence of a finding by the hearing judge that Barnett violated MLRPC 8.1(a). The Commission contends that the alleged violation of MLRPC 8.1(a) is supported by the hearing judge's determination that Barnett violated MLRPC 8.4(c). Other than this assertion, the Commission's Recommendation for Sanction contains no argument in support of the contention. At oral argument, Bar Counsel did not present argument in support of the "informal" exception. Under these circumstances, we decline to consider

we uphold all of the hearing judge's conclusions of law.

## MLRPC 1.1 (Competence)

"A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." MLRPC 1.1. "Compliance with [MLRPC 1.1] requires more than knowing what to do. It requires applying the knowledge to the client's problem[.] Evidence of a failure to apply the requisite thoroughness and/or preparation in representing a client is sufficient alone to support a violation of [MLRPC] 1.1[.]" Attorney Grievance Comm'n v. Zhang, ___ Md. ___, ___ A.3d ___, Misc. Docket AG No. 11, Sept. Term, 2013, 2014 WL 3558798, at *12 (Md. July 21, 2014) (citation and internal quotation marks omitted) (some alterations in original). In Attorney Grievance Comm'n v. Costanzo, 432 Md. 233, 253, 68 A.3d 808, 819 (2013), we stated that a lawyer's failure to submit "proper and required filings in a client matter demonstrates a lack of the appropriate preparation and thoroughness necessary to provide competent representation[,]" and constitutes a violation of MLRPC 1.1. (Citation and internal quotation marks omitted).

Here, clear and convincing evidence supports the hearing judge's conclusion that Barnett violated MLRPC 1.1. Barnett failed to notify Wooden of the March 3, 2011, and

---

the Commission's informal exception to the hearing judge's failure to find a violation of MLRPC 8.1(a). See Attorney Grievance Comm'n v. Faber, 373 Md. 173, 179, 817 A.2d 205, 208 (2003) (We held that the "[f]ailure to present argument in support of an exception is a sufficient basis on which . . . not [to] consider [the exception]." (Citation and internal quotation marks omitted)).

- 6 -

April 22, 2011, hearing dates. Barnett also failed to communicate with Wooden about the case and withdrew the Exceptions without her consent. Barnett, essentially, did nothing to advance or pursue the Exceptions. Barnett forged Wooden's signature on an Affidavit of Indigency, which falsely certified that Wooden could not afford the cost associated with the Exceptions action. Barnett did not discuss the content of the Affidavit with Wooden prior to its submission. Moreover, Wooden did not authorize Barnett to sign her name on the Affidavit, nor did she affirmatively consent or acquiesce to the Affidavit's submission.

### MLRPC 1.2(a) (Allocation of Authority Between Client and Lawyer)

"[A] lawyer shall abide by a client's decisions concerning the objectives of the representation and, when appropriate, shall consult with the client as to the means by which they are to be pursued. A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation." MLRPC 1.2(a). This Court has held that a lawyer's "failure to prosecute a client's case, combined with a failure to communicate with the client about the status of the case, constitutes a violation of MLRPC 1.2(a)." Attorney Grievance Comm'n v. Garrett, 427 Md. 209, 223, 46 A.3d 1169, 1177 (2012) (citations omitted).

Here, clear and convincing evidence supports the hearing judge's conclusion that Barnett violated MLRPC 1.2(a). Wooden retained Barnett for the sole purpose of excepting to the Master's Report and Recommendation, in which the Master recommended that the circuit court award custody of Wooden's minor child to the child's father. Barnett filed the Exceptions, but did not notify Wooden of the March 3, 2011, and April 22, 2011, hearing dates and withdrew the Exceptions without Wooden's consent. Moreover, in the

months before and after the scheduled Exceptions hearing dates of March 3, 2011, and April 22, 2011, Barnett had no contact with Wooden. As stated above, Barnett also filed the Affidavit of Indigency by forging Wooden's signature without informing her of the filing.

## MLRPC 1.3 (Diligence)

"A lawyer shall act with reasonable diligence and promptness in representing a client." MLRPC 1.3. "An attorney violates [MLRPC 1.3] when he/she takes no action whatsoever in representing his/her client." Attorney Grievance Comm'n v. Gray, 436 Md. 513, 520, 83 A.3d 786, 790 (2014) (alteration in original) (citation and internal quotation marks omitted). For example, a lawyer who fails to pursue a claim after filing a complaint or other pleading demonstrates "insufficient diligence" in the matter, in violation of MLRPC 1.3. Id. at 520, 83 A.3d at 790 (citation omitted).

Here, clear and convincing evidence supports the hearing judge's conclusion that Barnett violated MLRPC 1.3. Barnett filed the Exceptions, as well as a Motion to Accept Electronic Recordings, yet Barnett failed to notify Wooden that two hearings had been scheduled or that the circuit court granted the Motion to Accept Electronic Recordings. Indeed, Barnett took no action in furtherance of the Exceptions. Instead, Barnett withdrew the Exceptions without Wooden's consent or knowledge. By failing to pursue—and ultimately withdrawing—the Exceptions, Barnett failed to diligently represent Wooden.

## MLRPC 1.4 (Communication)

MLRPC 1.4 provides, in pertinent part:

(a) A lawyer shall: (1) promptly inform the client of any decision or

circumstance with respect to which the client's informed consent . . . is required by these Rules; (2) keep the client reasonably informed about the status of the matter; . . . [and] (b) . . . shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

(Paragraph breaks omitted). In <u>Costanzo</u>, 432 Md. at 254, 68 A.3d at 820, we held that a lawyer violated MLRPC 1.4(a)(2) where the lawyer failed to communicate, or promptly comply, with his client's requests for information—"apart from a few inadequate emails"—over a five-month period.

Here, clear and convincing evidence supports the hearing judge's conclusion that Barnett violated MLRPC 1.4. On October 22, 2010, Wooden retained Barnett as her lawyer. On October 27, 2010, Barnett filed with the circuit court Exceptions, a Motion to Accept Electronic Recordings, and an Affidavit of Indigency. The circuit court granted the Motion to Accept Electronic Recordings and set a hearing date for March 3, 2011, which it later rescheduled to April 22, 2011. Barnett failed to notify Wooden of either hearing date, and for a period of ten months—between January 2011, when Wooden telephoned Barnett for a status update and October 12, 2011, when Wooden submitted her first letter to the Commission—Barnett had no contact whatsoever with Wooden.

### MLRPC 3.3(a) (Candor Toward the Tribunal)

"A lawyer shall not knowingly[] make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer; . . . [or] offer evidence that the lawyer knows to be false." MLRPC 3.3(a).

Here, clear and convincing evidence supports the hearing judge's conclusion that Barnett violated MLRPC 3.3. On October 27, 2010, on behalf of Wooden, Barnett filed

an Affidavit of Indigency in support of the Motion to Accept Electronic Recordings. Barnett forged Wooden's signature on the Affidavit of Indigency, which falsely certified that Wooden could not afford the cost associated with the Exceptions action. Aware of its falsity, Barnett nevertheless knowingly submitted the forged Affidavit of Indigency to the circuit court.

### MLRPC 8.4(b) (Criminal Act)

"It is professional misconduct for a lawyer to: . . . commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects[.]" MLRPC 8.4(b).

"A person may not willfully and falsely make an oath or affirmation as to a material fact: . . . in an affidavit or affirmation made under the Maryland Rules."[6] Maryland Code Ann., Criminal Law (2002, 2012 Repl. Vol.) ("CR") § 9-101(a) (Perjury). Furthermore, "[a] person may not or may not attempt to: [] willfully make a false entry in a public record[.]" CR § 8-606(b) (Making False Entries in Public Records and Related Crimes).

In Attorney Grievance Comm'n v. Coppola, 419 Md. 370, 396, 19 A.3d 431, 446 (2011), we held that a lawyer's criminal conduct violated MLRPC 8.4(b). The lawyer violated CR § 8-606 by enabling and encouraging his client to forge estate documents, and then notarized and filed the falsified documents as part of the public record. Id. at 396, 406, 19 A.3d at 446, 452-53. In concluding that the lawyer violated MLRPC 8.4(b), we

---

[6]Maryland Rule 9-208(g) states: "At the time the exceptions are filed, the excepting party shall do one of the following: . . . (4) file an affidavit of indigency and motion requesting that the court accept an electronic recording of the proceedings as the transcript."

determined that the lawyer's conduct reflected adversely on his honesty and fitness. Id. at 396, 19 A.3d at 446.

Here, clear and convincing evidence supports the hearing judge's conclusion that Barnett violated MLRPC 8.4(b). Barnett purposefully forged Wooden's signature on the Affidavit of Indigency without her consent; and Barnett knowingly submitted the falsified affidavit to the circuit court. Such conduct clearly reflects adversely on Barnett's honesty, trustworthiness, and fitness as a lawyer, and violates both CR §§ 9-101 and 8-606.

### MLRPC 8.4(c) (Dishonesty, Fraud, Deceit, or Misrepresentation)

"It is professional misconduct for a lawyer to: . . . engage in conduct involving dishonesty, fraud, deceit[,] or misrepresentation[.]" MLRPC 8.4(c). "Dishonest acts, in and of themselves are violative of [MLRPC] 8.4(c)." Attorney Grievance Comm'n v. Gisriel, 409 Md. 331, 383, 974 A.2d 331, 361 (2009) (citation omitted). In Gisriel, id. at 383, 974 A.2d at 361-62, we held that a lawyer's deliberate forgery of his clients' signatures "without any solicitation of information, let alone confirmation, was dishonest." Similarly, in Attorney Grievance Comm'n v. Dominguez, 427 Md. 308, 324, 47 A.3d 975, 984 (2012), we held that a lawyer violated MLRPC 8.4(c) where the lawyer made false statements to Bar Counsel regarding her representation of a client.

Here, clear and convincing evidence supports the hearing judge's conclusion that Barnett violated MLRPC 8.4(c). Barnett deliberately forged Wooden's signature on an Affidavit of Indigency, which he then submitted to the circuit court on his client's behalf. Contrary to his assertions, Barnett did not discuss the Affidavit of Indigency with Wooden, and at no point during Barnett's representation did Wooden authorize to Barnett to sign her

- 11 -

name on the Affidavit of Indigency and submit it to the circuit court. Barnett also violated MLRPC 8.4(c) by making false statements to Bar Counsel during the investigation. Specifically, Barnett informed Bar Counsel that, contrary to Wooden's assertions, he had communicated with Wooden after January 2011, and notified her of both Exceptions hearing dates. The hearing judge found, however, that Barnett's statements to Bar Counsel were false.

**MLRPC 8.4(d) (Conduct That Is Prejudicial to the Administration of Justice)**

"It is professional misconduct for a lawyer to: . . . engage in conduct that is prejudicial to the administration of justice[.]" MLRPC 8.4(d). "In general, a [lawyer] violates [MLRPC] 8.4(d) when his or her conduct impacts negatively the public's perception or efficacy of the courts or legal profession." Attorney Grievance Comm'n v. Dore, 433 Md. 685, 696, 73 A.3d 161, 167 (2013) (citation and internal quotation marks omitted).

Here, clear and convincing evidence supports the hearing judge's conclusion that Barnett violated MLRPC 8.4(d). Barnett knowingly, and without authorization, forged Wooden's signature on an Affidavit of Indigency and submitted it to the circuit court. Barnett failed to notify Wooden of scheduled hearing dates and to communicate with her for at least ten months during his representation, and withdrew her Exceptions without her consent. Clients deserve and expect that their lawyers will truthfully and diligently represent their interests and keep them well-informed as to hearing dates and significant case developments. Yet, Barnett withdrew the Exceptions without Wooden's knowledge or consent and failed to communicate with her. Barnett's actions violated Wooden's trust

- 12 -

and her reasonable expectation that Barnett would diligently and honestly represent her interests. Such misconduct negatively impacts the public's perception of the legal profession.

## MLRPC 8.4(a) (Violating the MLRPC)

"It is professional misconduct for a lawyer to[] violate or attempt to violate the" MLRPC. MLRPC 8.4(a).

Here, clear and convincing evidence supports the hearing judge's conclusion that Barnett violated MLRPC 8.4(a). As discussed above, Barnett violated MLRPC 1.1, 1.2(a), 1.3, 1.4, 3.3(a), 8.4(b), 8.4(c), and 8.4(d).

## (B) Sanction

The Commission recommends that we disbar Barnett. Barnett has not filed a recommendation as to sanction.

In Attorney Grievance Comm'n v. McDowell, 439 Md. 26, 45-46, 93 A.3d 711, 722-23 (2014), this Court stated:

> This Court sanctions a lawyer not to punish the lawyer, but instead to protect the public and the public's confidence in the legal profession. This Court protects the public by: (1) deterring other lawyers from engaging in similar misconduct; and (2) suspending or disbarring a lawyer who is unfit to continue to practice law.
>
> In determining an appropriate sanction for a lawyer's misconduct, this Court considers: (a) the duty violated; (b) the lawyer's mental state; (c) the potential or actual injury caused by the lawyer's misconduct; and (d) the existence of aggravating or mitigating factors.
>
> Aggravating factors include: (a) prior attorney discipline; (b) a dishonest or selfish motive; (c) a pattern of misconduct; (d) multiple violations of the MLRPC; (e) bad faith obstruction of the attorney discipline proceeding by intentionally failing to comply with the Maryland Rules or

orders of this Court; (f) submission of false evidence, false statements, or other deceptive practices during the attorney discipline proceeding; (g) refusal to acknowledge the wrongful nature of the misconduct; (h) vulnerability of the victim; (i) substantial experience in the practice of law; (j) indifference to making restitution; and (k) illegal conduct, including that involving the use of controlled substances.

Mitigating factors include: (a) the absence of prior attorney discipline; (b) absence of a dishonest or selfish motive; (c) personal or emotional problems; (d) timely good faith efforts to make restitution or to rectify consequences of the misconduct; (e) full and free disclosure to the Commission or a cooperative attitude toward the attorney discipline proceeding; (f) inexperience in the practice of law; (g) character or reputation; (h) physical disability; (i) a mental disability or chemical dependency including alcoholism or drug abuse where: (1) there is medical evidence that the lawyer is affected by a chemical dependency or mental disability; (2) the chemical dependency or mental disability caused the misconduct; (3) the lawyer's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and (4) the recovery arrested the misconduct and recurrence of the misconduct is unlikely; (j) delay in the attorney discipline proceeding; (k) the imposition of other penalties or sanctions; (l) remorse; and (m) remoteness of prior violations of the MLRPC.

(Brackets, citations, footnote, and internal quotation marks omitted).

Here, as to the nature of the ethical duty violated, Barnett violated MLRPC 1.1, 1.2(a), 1.3, 1.4, 3.3(a), 8.4(a), 8.4(b), 8.4(c), and 8.4(d) by forging Wooden's signature on an Affidavit of Indigency without her consent or knowledge, and by thereafter submitting the forged document to the circuit court; by failing to notify Wooden of the Exceptions hearing dates, or otherwise communicate with Wooden for at least ten months during his representation; by withdrawing the Exceptions without Wooden's knowledge or consent; and by making misrepresentations to Bar Counsel as to his communication with Wooden. As to Barnett's state of mind, the record demonstrates that Barnett intentionally forged Wooden's signature on an Affidavit of Indigency and submitted it to the circuit court. By

- 14 -

falsely certifying that Wooden could not afford the costs associated with the Exceptions action, Barnett intended to deceive the circuit court into granting the Motion to Accept Electronic Recordings. Moreover, Barnett intentionally misled Bar Counsel by misrepresenting the extent of his communication with Wooden. As to the potential or actual injury that Barnett's misconduct caused, Barnett's misconduct negatively impacted the public's perception of the legal profession and resulted in the Exceptions not being pursued.

Here, the hearing judge did not find any aggravating factors. Upon our independent review, we discern two aggravating factors: (1) multiple violations of the MLRPC; and (2) refusal to acknowledge the wrongful nature of the misconduct.

The hearing judge did not find any mitigating factors,[7] and upon our independent review, we discern no mitigating factors.

This Court has held that "intentional dishonest conduct by an attorney is 'almost beyond excuse' and that disbarment should ordinarily be the sanction for such conduct." Attorney Grievance Comm'n v. Guida, 391 Md. 33, 63, 891 A.2d 1085, 1103 (2006) (quoting Attorney Grievance Comm'n v. Vanderlinde, 364 Md. 376, 418, 773 A.2d 463, 488 (2001)). In Gisriel, 409 Md. at 390, 385, 974 A.2d at 365, 362, we disbarred a lawyer

---

[7]With the hearing judge's consent, Barnett submitted written closing arguments following the hearing. In his closing arguments, Barnett contended that the "bulk of the blame" for the lack of communication with Wooden should fall on the Law Office of Malik Shakur and was due to ambiguity created by Barnett's entry of appearance on behalf of Wooden and Wooden's retainer agreement, which contained only Malik Shakur's name. The hearing judge rejected Barnett's assertion that there was any ambiguity as to whether he represented Wooden, and concluded that Barnett failed to establish, by a preponderance of the evidence, any mitigating factors.

- 15 -

who violated MLRPC 1.1, 1.3, 1.4, 1.15, 3.1, 8.4(a), 8.4(c), and 8.4(d). Without consulting with his clients or obtaining their consent, the lawyer forged his clients' names on a check, altered the check to make it payable to himself, and deposited the check into his operating account. Id. at 389, 974 A.2d at 365. Although the lawyer's misappropriation of client funds exacerbated his overall misconduct, we emphasized that the lawyer's deliberate forgery of his clients' signatures constituted a dishonest act under MLRPC 8.4(c). Id. at 383, 974 A.2d at 361-62.

In Coppola, 419 Md. at 411, 404, 19 A.3d at 455, 451, this Court disbarred a lawyer who violated MLRPC 1.2(d), 8.4(a), 8.4(b), 8.4(c), and 8.4(d). The lawyer enabled and encouraged his client to forge his client's mother's signature on estate documents (*i.e.*, Power of Attorney, Will, Trust Declaration and Schedule, and Deed), and then notarized and filed the falsely executed documents with the court and among the land records. Id. at 379, 406, 19 A.3d at 436, 452-53. The lawyer having failed to demonstrate any compelling extenuating circumstances, we concluded that the lawyer's intentionally dishonest misconduct warranted disbarment. Id. at 408-11, 19 A.3d at 453-55.

We conclude that the appropriate sanction for Barnett's misconduct is disbarment. Barnett forged Wooden's signature on an Affidavit of Indigency without consulting her or obtaining her consent, and then submitted the false document to the circuit court. Barnett failed to notify Wooden of the Exceptions hearing dates, or otherwise communicate with her for at least ten months during the course of his representation. After Wooden filed with the Commission a complaint concerning Barnett's lack of communication, Barnett intentionally misled Bar Counsel concerning his discussions with Wooden regarding the

Exceptions hearing dates and overall attorney-client communications. Barnett's misconduct culminated in his unauthorized withdrawal of the Exceptions (*i.e.*, the Exceptions were not pursued even though Wooden retained Barnett for the sole purpose of filing and pursuing Exceptions), and negatively impacted the public's perception of the legal profession. There are no mitigating factors and Barnett's misconduct is aggravated by multiple violations of the MLRPC and refusal to acknowledge the wrongful nature of the misconduct.

Given that Barnett failed to demonstrate any compelling extenuating circumstances, his intentionally dishonest conduct, coupled with his numerous other violations of the MLRPC, warrants disbarment. For the above reasons, we entered the October 3, 2014, *per curiam* order, disbarring Barnett and awarding costs against him.