*615 WATTS, J.,
concurring and dissenting, in which BATTAGLIA, J., joins.
Respectfully, I concur in part and dissent in part. I agree with the Majority that Scott Gregory Adams (“Adams”), Respondent, violated Maryland Lawyers’ Rules of Professional Conduct (“MLRPC”) 1.1 (Competence), 1.3 (Diligence), and 8.4(a) (Violating the MLRPC), see Maj. Op. at 596-97, 109 A.3d at 117-18; however, I would hold that Adams also violated MLRPC 8.4(c) (Dishonesty, Fraud, Deceit, or Misrepresentation) and 8.4(d) (Conduct That Is Prejudicial to the Administration of Justice). Accordingly, I would indefinitely suspend Adams from the practice of law in Maryland.
I disagree with the Majority’s conclusion that the hearing judge erred in determining that Adams “knowingly misrepresented his ownership interests in” three properties that Adams and his wife had transferred to an LLC. See Maj. Op. at 606-09, 109 A.3d at 123-25. Plainly put, clear and convincing evidence supports the hearing judge’s determination. In a letter to his counsel, Adams stated that he and his wife “ha[d] interests in” four properties. It is undisputed that Adams failed to disclose that he and his wife had transferred ownership of three of the properties to an LLC. By deliberately using the word “interests,” Adams knowingly concealed that he and his wife had transferred the three properties to the LLC, and misleadingly implied that he and his wife continued to own the three properties.
I am unpersuaded by the Majority’s reliance on the circumstance that Adams used the word “interests” instead of the word “title,” Maj. Op. at 607-09, 109 A.3d at 124-25, as well as Adams’s contention that the word “interests” was, “[a]t worst, ... ambiguous[.]” Adams’s use of the word “interests” in this context is so vague that Adams obviously intended it as doublespeak, and thus engaged in misrepresentation.
Even if the Majority were correct in giving Adams the benefit of the doubt by determining that the hearing judge erred in finding that Adams engaged in misrepresentation, I would still disagree with the Majority’s determination that Adams did not violate MLRPC 8.4(c) by failing to disclose that *616 he and his wife had transferred the three properties to the LLC. See Maj. Op. at 608-09, 109 A.3d at 124-25. A lawyer violates MLRPC 8.4(c) by “ ‘misleading] by silence and lack of communication.’ ” Attorney Grievance Comm’n v. Nwadike, 416 Md. 180, 194, 6 A.3d 287, 295 (2010) (quoting Attorney Grievance Comm’n v. Calhoun, 391 Md. 532, 548, 894 A.2d 518, 527 (2006)). In other words, a lawyer violates MLRPC 8.4(c) by engaging in dishonesty by omission. For example, in Calhoun, 391 Md. at 575, 547-48, 894 A.2d at 543, 527, this Court held that a lawyer violated MLRPC 8.4(c) by failing to inform her client about how the lawyer used certain funds.
Here, Adams certainly misled by silence in supplying a writing for the purpose of disclosing his assets and deliberately omitting the fact that he and his wife had transferred the three properties to the LLC. Ostensibly, Adams’s purpose in disclosing his assets was to move to limit the attachment of his assets on the ground that the value of his assets exceeded the amount of any possible judgment in the action against him. By failing to disclose that he and his wife had transferred the three properties to the LLC, Adams, at a minimum, engaged in dishonesty by omission.
I am unpersuaded by the Majority’s reliance on the circumstances that Adams was not asked to clarify his statement, see Maj. Op. at 608-09, 109 A.3d at 124-25; and that Adams did not transfer his home residence to the LLC, see Maj. Op. at 608 n. 19, 109 A.3d at 125 n. 19. MLRPC 8.4(c) obligated Adams to affirmatively disclose the same, regardless of whether he was asked to clarify his statement and regardless of whether he refrained from transferring his home residence to the LLC. Plainly put, it is Adams’s statement—not his and his wife’s intent in transferring of the three properties to the LLC—that involved dishonesty by omission. Thus, it does not matter that Adams refrained from transferring his home residence to the LLC, or that his home residence carried equity in an amount that was approximately equal to the amount that was sought to be attached. Adams and his wife may have had perfectly valid reasons, independent of the Estate’s motion for prejudgment attachment, for transferring *617 the three properties, and only the three properties, to the LLC. What matters is that, after the fact, Adams failed to accurately disclose (and thus concealed) the nature of his “interests” in the three properties that he and his wife had transferred to the LLC, regardless of the reasons for the transfer.*
Whether Adams engaged in misrepresentation or dishonesty by omission, Adams violated MLRPC 8.4(c), which states: “It is professional misconduct for a lawyer to ... engage in conduct involving dishonesty, fraud, deceit or misrepresentation!.]”
The conclusion that Adams violated MLRPC 8.4(c) is supported—and, indeed, warranted—by the circumstance that Panel E of the Grievance Commission of the Board of Overseers of the Bar of Maine (“Panel E”) determined that Adams violated Maine Rule of Professional Conduct 8.4(c), which is identical to MLRPC 8.4(c). “[A] final adjudication in a disciplinary or remedial proceeding by another court, agency, or tribunal that an attorney has been guilty of professional misconduct ... is conclusive evidence of that misconduct[,]” Md. R. 16-773(g), unless
Bar Counsel or the attorney demonstrates by clear and convincing evidence that: (1) the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; [or] (2) there was such infirmity of proof establishing the misconduct as to give rise to a clear conviction that th[is] Court, consistent with its duty, cannot accept as final the determination of misconduct!.]
Md. R. 16-773(e) (paragraph breaks omitted). Instead of determining that there was such infirmity of proof establishing the misconduct as to give rise to a clear conviction that this Court, consistent "with its duty, cannot accept as final Panel E’s determination of misconduct, the Majority simply sweeps *618 Panel E’s determination of misconduct under the rug by positing that, “based on [the Majority’s] independent review of the record,” Adams did not violate MLRPC 8.4(c). Maj. Op. at 609, 109 A.3d at 125. As discussed above, even absent Panel E’s determination of misconduct and Maryland Rule 16-773(g)’s presumption that the same is conclusive evidence of that misconduct, clear and convincing evidence supports the hearing judge’s conclusion that Adams violated MLRPC 8.4(c).
Adams also violated MLRPC 8.4(d), which states: “It is professional misconduct for a lawyer to ... engage in conduct that is prejudicial to the administration of justice[.]” Generally, a lawyer violates MLRPC 8.4(d) where the lawyer “negatively” “impacts” the “efficacy of the courts[J” Attorney Grievance Comm’n v. Reno, 436 Md. 504, 509, 83 A.3d 781, 784 (2014) (citation omitted). Adams’s failure to disclose that he and his wife had transferred the three properties to the LLC necessitated that the Maine Superior Court amend its order of attachment to apply to the three properties. Thus, Adams negatively impacted the efficacy of the courts.
Based on Adams's violations of MLRPC 1.1, 1.3, 8.4(c), 8.4(d), and 8.4(a), and in light of the hearing judge’s determination that clear and convincing evidence did not establish that Adams engaged in fraud by transferring the three properties to the LLC, I would indefinitely suspend Adams from the practice of law in Maryland. Cf. Calhoun, 391 Md. at 576, 569-70, 575, 894 A.2d at 544, 540 (This Court indefinitely suspended from the practice of law in Maryland a lawyer who violated multiple MLRPC, including MLRPC 8.4(c); this Court stated that, although a violation of MLRPC 8.4(c) “often constitutes grounds for disbarment[,] ... a lesser sanction” was appropriate “[b]ecause ... the hearing judge specifically found that [the lawyer’s conduct was not intentionally fraudulent[.]”).
For the above reasons, respectfully, I concur in part and dissent in part.
Judge BATTAGLIA has authorized me to state that she joins in this opinion.

 In this Court, the Attorney Grievance Commission neither alleges that the transfer was a violation of the MLRPC, nor challenges the hearing judge's determination that clear and convincing evidence did not establish that Adams engaged in fraud by transferring the three properties to the LLC. MLRPC 8.4(c) is at issue only with respect to Adams's statement.