WATTS, J.,
concurring and dissenting,
Respectfully, I concur in part and dissent in part. I would hold that Joseph M. Stanalonis (“Stanalonis”), Respondent, violated Maryland Lawyers’ Rules of Professional Conduct (“MLRPC”) 8.2(a) (Judicial and Legal Officials) and MLRPC 8.4(d) (Conduct That Is Prejudicial to the Administration of Justice).[1] Accordingly, I would reprimand Stanalonis.
I disagree with the Majority’s determination that clear and convincing evidence did not support the hearing judge’s conclusion that Stanalonis violated the MLRPC. See Maj. Op. at 146-47, 148-49, 126 A.3d at 16, 17-18. Plainly put, clear and convincing evidence supports the hearing judge’s conclusion that Stanalonis violated MLRPC 8.2(a) and 8.4(d). MLRPC 8.2(a) provides:
A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge, adjudicatory officer or public legal officer, or of a candidate for election or appointment to judicial or legal office.
Recently, in Attorney Grievance Comm’n v. Frost, 437 Md. 245, 262-63, 85 A.3d 264, 274 (2014), this Court explained MLRPC 8.2(a) in greater detail, stating:
*151 The Preamble to the Maryland Lawyers’ Rules of Professional Conduct provides that “[6] ... a lawyer should further the public’s understanding of and confidence in the rule of law and the justice system because legal institutions in a constitutional democracy depend on popular participation and support to maintain their authority.” In other words, “[mjembers of the legal profession have a responsibility to refrain from engaging in conduct prejudicial to the administration of justice.” Attorney Grievance Comm’n v. DeMaio, 379 Md. 571, 581, 842 A.2d 802, 808 (2004). [MLRPC] 8.2(a) furthers this principle by requiring lawyers to refrain from impugning the qualifications or fitness of judicial and public legal officers. As Comment [1] to MLRPC 8.2(a) clarifies, “[e]xpressing honest and candid opinions on such matters contributes to improving the administration of justice. Conversely, false statements by a lawyer can unfairly undermine public confidence in the administration of justice.” See also In re Simon, 913 So.2d 816, 824 (La.2005) (“While a lawyer[,] as a citizen[,] has a right to criticize [judges, judicial officers or public legal officers] publicly, he [or she] should be certain of the merit of his [or her] complaint, use appropriate language, and avoid petty criticisms, for unrestrained and intemperate statements tend to lessen public confidence in our legal system.”). In other words, the purpose of [MLRPC] 8.2(a) is not to protect judges, judicial officers, or public legal officials from unkind or undeserved criticisms. Rather, [MLRPC] 8.2(a) protects the integrity of the judicial system, and the public’s confidence therein, and it does so in a limited way. Statements in violation of [MLRPC] 8.2(a) must (1) be false, (2) impugn the integrity or qualifications of judges, judicial officers or public legal officers, and (3) be made by the attorney knowing them to be false or with reckless disregard for their truth or falsity.
(Ellipsis and some alterations in original) (footnote omitted).
MLRPC 8.4(d) provides: “It is professional misconduct for a lawyer to ... engage in conduct that is prejudicial to the *152 administration of justice[.]” “Generally, a lawyer violates MLRPC 8.4(d) where the lawyer’s conduct negatively impacts the public's perception of the legal profession.” Attorney Grievance Comm’n v. McDowell, 439 Md. 26, 39, 93 A.3d 711, 719 (2014) (citation, ellipses, and internal quotation marks omitted). Stated otherwise, a lawyer violates MLRPC 8.4(d) where the lawyer’s conduct “tends to bring the legal profession into disrepute.” Attorney Grievance Comm’n v. Reno, 436 Md. 504, 511, 83 A.3d 781, 785 (2014) (citation and internal quotation marks omitted). In Attorney Grievance Comm’n v. Marcalus, 442 Md. 197, 205, 112 A.3d 375, 379 (2015), we further explained:
In determining whether a lawyer violated MLRPC 8.4(d) by engaging in conduct that negatively impacted the public’s perception of the legal profession, this Court applies the objective standard of whether the lawyer’s conduct would negatively impact the perception of the legal profession of a reasonable member of the public ..., not the subjective standard of whether the lawyer’s conduct actually impacted the public and/or a particular person (e.g., a complainant) who is involved with the attorney discipline proceeding.
(Citations, internal quotation marks, and brackets omitted) (ellipsis in original).
Here, Stanalonis, while running for Judge of the Circuit Court for Saint Mary’s County, disseminated campaign flyers that stated that his opponent, Judge David W. Densford (“Judge Densford”), among other things, “[ojpposes registration of convicted sexual predators.” At the disciplinary hearing, Stanalonis testified that he based the assertion that Judge Densford “[ojpposes registration of convicted sexual predators” on: (1) his personal knowledge that Judge Densford, while serving as a defense lawyer, routinely opposed the registration of his clients in the Maryland Sex Offender Registry; and (2) his conversations with other prosecutors in the St. Mary’s County Office of the State’s Attorney. Judge Dens-ford testified that he could not recall ever expressing opposition to the registration of convicted sexual offenders in general, but stated that, as a defense lawyer, he did attempt to *153 avoid the registration of his clients in particular, explaining: “[W]hat I had opposed is my clients pleading to things that would get them registered as sexual offenders, if I could keep that from happening.”
The hearing judge found that Stanalonis “had a demonstrable basis for believing that [Judge] Densford opposed the Sex Offender Registry.” Nonetheless, the hearing judge also found that the only measure Stanalonis took to verify the truth of the assertion was to “s[eek] input” from his campaign volunteers, who did not dispute the veracity of the assertion. The hearing judge concluded that Stanalonis “was obligated to make a more substantial effort in ensuring the accuracy of the proffered statement, and he failed to do so.” As such, the hearing judge determined that Stanalonis “acted with reckless disregard to the truth of the statement that Judge Densford ‘Opposes the registration of convicted sexual predators.’ ”
Under these circumstances, I would agree with the hearing judge that Stanalonis violated MLRPC 8.2(a). As Judge Densford’s testimony demonstrated, while representing individual criminal defendants, Judge Densford attempted to prevent his clients from pleading guilty to crimes that would result in registration as sex offenders; there is no evidence that Judge Densford expressed publicly or privately a general opposition to the registration of convicted sex offenders. Having a demonstrable basis for holding a particular belief is not the same as knowing that the belief is true or accurate. For example, I may believe that Christmas will be on a Saturday in 2016 because it is on a Friday in 2015. I have a demonstrable basis for my belief, but my belief is inaccurate. Checking the calendar would advise that Christmas will be on a Sunday in 2016 because 2016 is a leap year. Having a demonstrable basis for believing something does not give a lawyer license to publish such information as though it were accurate or fact. In making the statement on campaign flyers that Judge Densford “[o]pposes registration of convicted sexual predators[,]” Stanalonis acted with reckless disregard for the statement’s truth or accuracy. Indeed, Stanalonis knew only that, as a defense lawyer, Judge Densford had attempted to have *154 his clients not be required to register as sex offenders. And, as such, Judge Densford was acting in his capacity as an attorney pursuing his clients’ interests. Stanalonis’s statement that Judge Densford “[ojpposes registration of convicted sexual predators” impugned the integrity and qualifications of Judge Densford and was made with reckless disregard for its truth or falsity. This was all that was needed to support the hearing judge’s conclusion that Stanalonis violated MLRPC 8.2(a).
I would also agree with the hearing judge that Stanalonis violated MLRPC 8.4(d) by disseminating campaign flyers stating that Judge Densford “[ojpposes registration of convicted sexual predators.” Although Stanalonis did not make the statement with actual knowledge of its inaccuracy, he acted with a reckless disregard as to the statement’s truth or falsity, and failed to undertake meaningful efforts to ensure that the statement was accurate. Indeed, other than his personal observations of Judge Densford when Judge Densford was a defense lawyer and some discussions with prosecutors in the St. Mary’s County Office of the State’s Attorney, the only measure that Stanalonis took to test the veracity of his theory was to “s[eekj input” from his campaign volunteers, none of whom apparently contradicted him. Even viewing it in the most favorable light to Stanalonis, the statement did not accurately describe what Judge Densford did when he was a defense lawyer.
Such conduct “would negatively impact the perception of the legal profession of a reasonable member of the public[.j” Marcalus, 442 Md. at 206, 112 A.3d at 380 (citation and internal quotation marks omitted). Indeed, no reasonable member of the public would expect a lawyer to make an inflammatory statement on campaign flyers concerning a sitting Judge’s opinion of the Maryland Sex Offender Registry with a reckless disregard for the truth and without taking measures to ensure the statement was accurate in the first instance. Such a cavalier attitude toward the truth “reinforces the most damaging cynicisms concerning lawyers’ hon *155 esty, avarice, and candor.” Attorney Grievance Comm’n v. Levin, 438 Md. 211, 228, 91 A.3d 1101, 1111 (2014).
Based on Stanalonis’s violations of MLRPC 8.2(a) and 8.4(d), in accord with the Commission’s recommendation, I would reprimand Stanalonis. Cf. Attorney Grievance Comm’n v. Basinger, 441 Md. 703, 721-22, 109 A.3d 1165, 1176 (2015) (This Court reprimanded a lawyer who violated MLRPC 8.4(d) by mailing to a client letters in which he called the client, among other things, “A TRUE C[* *]T[.]”); Attorney Grievance Comm’n v. Mahone, 398 Md. 257, 268-69, 920 A.2d 458, 464-65 (2007) (This Court reprimanded a lawyer who violated MLRPC 8.4(d) by, among other things “disrupting the court proceedings and ... walking out while the trial judge rendered his oral opinion from the bench[.]”); Attorney Grievance Comm’n v. Gansler, 377 Md. 656, 701-02, 693, 835 A.2d 548, 574-75, 569 (2003) (This Court reprimanded a lawyer who violated MLRPC 3.6(a) (Trial Publicity) by making extrajudicial statements about a defendant’s confession, discussing a plea offer made to another defendant, and providing his opinion as to the guilt of two defendants.).
For the above reasons, respectfully, I concur in part and dissent in part.

. I agree with the Majority that clear and convincing evidence did not support the hearing judge's conclusion that Stanalonis violated MLRPC 8.4(c) (Dishonesty, Fraud, Deceit, or Misrepresentation). See Maj. Op. at 146-48, 126 A.3d at 16-17. The hearing judge gave no separate analysis that warranted finding Stanalonis violated MLRPC 8.4(c) independent of MLRPC 8.2(a). Absent any analysis of why a reckless disregard for the truth constitutes a violation of MLRPC 8.4(c), I concur with the Majority on this point.